IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02130-BNB

CRAIG S. ROBLEDO,

    Applicant,

v.

S. JONES (Centennial CF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Craig S. Robledo, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility. Mr. Robledo initiated this action by filing *pro se* on August 15, 2011, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Jefferson County District Court Case No. 08CR2493. ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order. Mr. Robledo has paid the $5.00 filing fee in a habeas corpus action.

    On August 25, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). *See* ECF No. 4. On September 13, 2011, Respondents submitted their

pre-answer response.  *See* ECF No. 7.  On October 3, 2011, Mr. Robledo filed a reply to the pre-answer response.  *See* ECF No. 8.

The Court must construe Mr. Robledo's filings liberally because he is not represented by an attorney.  *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a ***pro se*** litigant.  *See* **Hall**, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application and dismiss the action because his claims are unexhausted and procedurally barred.

On February 17, 2009, Mr. Robledo pleaded guilty to stalking and attempted sexual assault on a child.  On March 30, 2009, the Jefferson County District Court sentenced Mr. Robledo to an aggregate three-year sentence in the DOC.  *See* ECF No. 7 (pre-answer response), ex. A (state court register of actions) at 3-4, 6.  Mr. Robledo did not appeal directly from his conviction and sentence.  *See* ECF No. 7, ex. A at 6; ECF No. 1 at 2.

On December 3, 2009, he filed ***pro se*** a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  *See* ECF No. 7, ex. A at 6; ECF No. 1 at 4.  Also on December 3, 2009, he filed ***pro se*** a motion to correct illegal sentence, *see* ECF No. 7, ex. A at 6;  ECF No. 1 at 4, and a motion for the appointment of conflict-free counsel.  *See* ECF No. 7, ex. A at 6.  On January 4, 2010, the trial court granted the motion for appointment of counsel.  *See id.*  On January 5, 2010, counsel other than the public defender was appointed at state expense.  *See* ECF No. 7, ex. A at 5-6.  Counsel for Mr. Robledo determined there was no basis for postconviction relief

other than a Colo. R. Crim. P. 35(b) motion for reconsideration of sentence.  *See* ECF No. 1 at 17.  On July 26, 2010, the trial court denied the motion for reconsideration of sentence.  *See* ECF No. 7, ex. A at 5.

On March 14, 2011, Mr. Robledo filed a motion and letter with the trial court requesting a hearing.  *See id.*  On April 28, 2011, the trial court denied the motion.  *See* ECF No. 7, ex. A at 5; ECF No. 1 at 18.  Mr. Robledo then filed another motion dated May 30, 2011, which the trial court received on June 7, 2011, and denied on June 9, 2011.  *See* ECF No. 7, ex. A at 5; ECF No. 1 at 18.  On July 13, 2011, Mr. Robledo filed another Colo. R. Crim. P. 35(c) postconviction motion, which the trial court denied on July 27, 2011.  *See* ECF No. 7, ex. A at 5; ECF No. 1 at 17.  He did not appeal from the denial of any of these motions.  On August 15, 2011, Mr. Robledo filed the instant application.

Respondents argue that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  However, the information Respondents supplied the Court in support of this argument is inadequate to demonstrate the application's untimeliness.  For example, Respondents argue that Mr. Robledo filed a *pro se* motion to correct an illegal sentence on January 4, 2010.  However, according to the state court register of actions he filed the motion on December 3, 2009.  *See* ECF No. 7, ex. A at 5.  In addition, Respondents contend the state trial court denied Mr. Robledo's Colo. R. Crim. P. 35(c) motion, his motion to correct an illegal sentence, and his motion for reconsideration of sentence on July 26, 2010.  However, according to the state court register of actions, the only motion denied on July 26, 2010, was the motion for

reconsideration of sentence.  *See* ECF No. 7, ex. A at 5.  The Court was unable to determine, based on the state court register of actions alone, when or if the remaining motions were denied.  Therefore, the application will not be dismissed as time-barred.

Mr. Robledo asserts the following claims.

> 1.   His constitutional rights were violated when the Lakewood Police Department recorded a phone conversation between defendant and the 14-year-old victim.
>
> 2.   His counsel was ineffective and violated the Ethics Code.
>
> 3.   He did not act "knowingly" because he was unaware of the victim's real age.  ECF No. 1 at 6.
>
> 4.   He pleaded guilty to a statute that had been repealed and was invalid.
>
> 5.   His actions did not satisfy the definition of stalking.
>
> 6.   He was convicted of being in a "position of trust" with the victim, when he never was in such a position.  ECF No. 1 at 6.5.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Robledo's claims are not exhausted because they were not properly presented to the state appellate courts. Although Mr. Robledo appears to have raised his claims in his Colo. R. Crim. P. 35(c) motion, *see* ECF No. 1 at 5, he failed to raise them before the Colorado Court of Appeals or the Colorado Supreme Court. Therefore, he has failed to invoke one complete round of Colorado's established appellate review process as to his asserted claims. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Although Mr. Robledo failed to exhaust state court remedies for his asserted claims, the Court may not dismiss these claims for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. **See Castille**, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it was or could have been presented in an appeal or postconviction proceeding previously brought. **See** Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Therefore, the Court finds that the six asserted claims Mr. Robledo failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. **See Coleman v. Thompson**, 501 U.S. 722, 730 (1991). Mr. Robledo's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Robledo must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. **See Murray v. Carrier**, 477 U.S. 478, 488 (1986); **United States v. Salazar**, 323 F.3d 852, 855 (10th Cir. 2003). "Objective factors that constitute cause include interference by officials that makes compliance with the State's

6

procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." **McClesky v. Zant**, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Mr. Robledo fails to demonstrate either cause or prejudice for his procedural default.

Mr. Robledo also fails to demonstrate that a failure to consider these claims will result in a fundamental miscarriage of justice.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." **Murray**, 477 U.S. at 496; **see also United States v. Cervini**, 379 F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." **Schlup v. Delo**, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Robledo first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." **Id.**  Mr. Robledo then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." **Id.** at 327.

Mr. Robledo fails to present any new reliable evidence that demonstrates he is actually innocent.  Therefore, he cannot show that a failure to consider his claims will result in a fundamental miscarriage of justice.  As a result, Mr. Robledo's claims that he failed to exhaust will be dismissed as procedurally barred.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed because the

asserted claims are procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  28th  day of    November   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court